UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

In re:                                                                          Case No.: 15-16511-RBR

Anthony Peter Finno,                                                 Chapter 13

    Debtor.
_____/

**<u>DEBTOR'S MOTION FOR CONTEMPT AND SANCTIONS AGAINST CREDITOR U.S. BANK, N.A., PURSUANT TO 11 U.S.C. §105(a), FOR ITS DELIBERATE AND KNOWING VIOLATION OF THIS COURT'S ORDER GRANTING DEBTOR'S VERIFIED EX PARTE MOTION FOR REFERRAL TO MORTGAGE MODIFICATION MEDIATION, [D.E. 33], AND FOR ITS REFUSAL TO PARTICIPATE IN THE MORTGAGE MODIFICATION MEDIATION PROGRAM IN GOOD FAITH AND THE COURT-GENERATED HEARING THEREON</u>**

      COMES NOW the Debtor, Anthony Peter Finno, by and through undersigned counsel, and hereby moves this Court for the entry of an order finding Creditor U.S. Bank, N.A. in Contempt of Court, and for monetary sanctions against Creditor U.S. Bank, N.A., pursuant to 11 U.S.C. §105(a), for its deliberate and knowing violation of this Court's Order Granting Debtor's Verified Motion for Referral to Mortgage Modification Mediation, [DE 33], and for its refusal to participate in the Mortgage Modification Mediation Program in good faith, and in support thereof states:

1. On April 10, 2015, the Debtor filed a voluntary petition for relief under Chapter 13 of the Bankruptcy Code.

2. The primary reason the Debtor filed this Chapter 13 case was to participate in the Court's Mortgage Modification Mediation Program in order to save his homestead property where he has resided for more than fifty years.

3. To that end, the Debtor timely filed his Ex Parte Verified Motion for Referral to Mortgage Modification Mediation with Lender, U.S. Bank, N.A. on August 4, 2015, [D.E.31].

4. The Order Granting Debtor's Verified Ex Parte Motion for Referral to Mortgage Modification Mediation was entered on August 6, 2015, without opposition from the Debtor's Lender, U. S. Bank, N.A., thereby referring the Debtor and his non-filing spouse, Gloria Finno, to participate in Mortgage Modification Mediation, [D.E. 33; the "Order of Referral"].

5. Pursuant to Paragraph #2 of the Order of Referral…"The Debtor and Lender are required to participate in Mortgage Modification Mediation, ("MMM"), in good faith."

6. On August 12, 2015, the Debtor submitted to the Portal all of the numerous documents required by his Lender U.S. Bank, N.A.

7. On August 17, 2015, the Lender acknowledged receipt of the Debtor's Financial Package on the Portal, and advised the Debtor that the contents were "under review".

8. On September 3, 2015, the Lender filed a Notice on the Portal that the Financial Package submitted by the Debtor was incomplete and requested additional documents to be supplied.

9. Upon Debtor's submission of the additional documents requested by Lender, U.S. Bank, N.A., the Debtor was advised on the Portal that Lender now had a complete package sufficient for the parties to schedule a Mediation.

10. On October 2, 2015, the parties attended the Mediation wherein the Lender, U.S. Bank, N.A. advised the Debtor, through its servicer, Ocwen Loan Servicing, LLC, that U.S. Bank, N.A. simply does not participate in loan modifications.

11. Mediator, Harry J. Ross, Esquire, had no choice but to submit a Final Report of No Agreement Reached, [D.E. 48], on October 7, 2015, even though the truth is a meaningful mediation never actually took place.

12. The Debtor, and his non-filing spouse, Gloria Finno, have been damaged by U.S. Bank, N.A., for its refusal to participate in good faith in the Mortgage Modification Mediation Program especially given the fact that it actively misled the Debtor and his non-filing spouse into believing that it would do so.

Wherefore, the Debtor respectfully requests an Order of this Honorable Court, pursuant to 11 U.S.C.§105(a), holding Creditor U.S. Bank, N.A. in contempt of Court, and for monetary sanctions, for its violation of this Court's Order of Referral, [DE 33], by failing to participate in the Mortgage Modification Mediation Program in good faith, and for deliberately misleading the Debtor into believing it would consider the Debtor's application for a loan modification when, in reality, it had no desire to do so, for Debtor's fees and costs in bringing this Motion before the Court, and for any further relief that the Court deems just and appropriate under the circumstances.

## CERTIFICATE OF MAILING

**I HEREBY CERTIFY** that a true and correct copy of the foregoing Motion, and the Court-Generated Notice of Hearing Thereon, were sent either by first-class, U.S. mail, via the CM/ECF system of the United States Bankruptcy Court, or certified mail to; Robin R. Weiner, Chapter 13 Trustee; the Office of the U.S. Trustee; U.S. Bank, N.A., c/o Richard K. Davis, President and CEO, 80 S. 8th Street, Ste 224, Minneapolis, MN 55402, (via certified mail/return receipt requested),; ReShaundra M. Suggs, Esq., Clarfield, Okon, Salomone & Pincus, PL, 500 South Australian Avenue, Suite 730, West Palm Beach, FL 33402; Ocwen Loan Servicing, LLC, c/o Ronald M. Faris, Manager, 1661 Worthington Rd, Ste 100, West Palm Beach, FL 33409, (via certified mail/return receipt requested); Ocwen Loan Servicing, LLC, c/o Corporation Service Company, Registered Agent, 1201 Hays Street, Tallahassee, FL 32301-2525, (via certified mail/return receipt requested), and Anthony Finno and Gloria Finno, 6103 NW 15 Street, Margate, FL 33063, this 12th day of October, 2015.

**BARRY S. MITTELBERG, P.A.**
1700 N. University Drive, #300
Coral Springs, FL 33071
(954) 752-1213
(954) 752-5299 fax
Email: steve@mittelberglaw.com

By: _____
Stephen M. Weinstein, Esq.
Florida Bar No.: 740896

I HEREBY CERTIFY that I am admitted to the Bar of the U.S. District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this Court set forth in Local Rule 910 (d) (1) & (2).

–3–